# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY as subrogee of MARK LINE INDUSTRIES, INC., )))) | |
| Plaintiff, ) | |
| v. ) | CAUSE NO. 3:09-CV-291 PPS |
| CRIPE MOBILE HOME TRANSPORT, LLC, and W.O. MOSS REGIONAL MEDICAL CENTER, )))) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Pennsylvania Lumbermens Mutual Insurance Co. ("PA Lumbermens") brought this negligence action as subrogee of Mark Line Industries, Inc. ("Mark Line") against Defendants Cripe Mobile Home Transport, LLC's ("Cripe") and W.O. Moss Regional Medical Center ("W.O. Ross"). According to the one-count Complaint, Mark Line hired Cripe to deliver mobile officer trailers from Indiana to W.O. Moss in Louisiana. (DE 1 at ¶ 5.) W.O. Moss staff then instructed Cripe drivers to take a particular route to deliver the trailers. (*Id*.) PA Lumbermens now alleges that as a result of Defendants' negligence five of the trailers were damaged en route causing PA Lumbermens $220,434.43 in damages. Originally filed in state court, the case was removed to this Court on the basis of diversity jurisdiction. (DE 14.)

Before the Court is Cripe's motion to dismiss the Complaint. Cripe argues the state law negligence action is preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, because the Complaint alleges the trailers were damaged while being shipped in interstate commerce. According to Cripe, based on this preemption, dismissal is appropriate. PA Lumbermens has not responded.

The Carmack Amendment creates a nationally uniform rule concerning carrier liability and interstate shipments. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). It was "designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Id*. The Seventh Circuit joined the majority of circuits finding "the Carmack Amendment bars a shipper from seeking any other remedy either state statutory or common law provides against a carrier for damages to the shipper's goods that have been transferred in interstate commerce." *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 288-89 (7th Cir. 1997). Thus, the Carmack Amendment completely preempts state law negligence claims against a carrier for goods damaged through interstate shipment. *See id.* at 289.

Here, it appears the Carmack Amendment governs PA Lumbermens' negligence claim. First, the Carmack Amendment imposes liability on "carriers" and "freight forwarders." *See Chemsource, Inc. v. Hub Group, Inc.*, 106 F.3d 1358, 1361 (7th Cir. 1997); 49 U.S.C. §§ 14706, 49 U.S.C. § 13102(3) & (8). Because PA Lumbermens alleges that Cripe was hired to deliver trailers from Indiana to W.O. Moss Regional Medical Center in Louisiana, Cripe is a "carrier" under the statute. *See* 49 U.S.C. § 13102(14) (defining "motor carrier" as "a person providing motor vehicle transportation for compensation."). And PA Lumbermens' allegation that Cripe's "careless and negligent actions" caused damage to the trailers during shipment (DE 1 at ¶ 8) is precisely the type of action covered by the Carmack Amendment.[1]

Cripe assumes, however, that because PA's Lumbermens' state law negligence claim is preempted, and the claim should have been brought under the Carmack Amendment, the cause of

---

[1] It is unclear from the Complaint whether the Carmack Amendment preempts PA Lumbermens' negligence claim against W.O. Moss. But because W.O. Moss did not move to dismiss the claim, I need not reach that issue now.

action must be dismissed – but this is not so. A cause of action is properly dismissed where the complaint fails to "state a claim to relief that is plausible on its face."[2] *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009); *see* Fed. R. Civ. P. 12(b)(6). Under the federal notice pleading standard, Fed. R. Civ. P. 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotations omitted).

Also, the Seventh Circuit has repeatedly found that "pleaders in a notice system do not have any obligation to plead legal theories." *McDonald v. Household Intern., Inc.*, 425 F.3d 424, 427 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). "A complaint must narrate a *claim*, which means a grievance such as 'the City violated my rights by preventing me from renovating my apartments.' Having specified the wrong done to him, a plaintiff may substitute one legal theory for another without altering the complaint." *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (emphasis in original); *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) ("Rule [8] reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court.") (quoting *Swierkiewicz*, 534 U.S. at 514).

The relevant issue then is "whether relief [is] possible based on any legal theory" under the facts alleged. *McDonald*, 425 F.2d at 428. Indeed, courts in this Circuit have consistently held that state law causes of action that are preempted by federal law, but sufficiently make out a claim under that law, should not be dismissed. *See e.g.*, *Field Rubber Products, Inc., v. Central*

---

[2] Though Cripe did not specify the manner in which it moved to dismiss the Complaint, I treat it as Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

*Transport Int'l, Inc.*, 2004 WL 1689392, at *3 (S.D. Ind. May 20, 2004) (holding that although plaintiff's state law claim was preempted, the complaint sufficiently stated a claim under the Carmack Amendment); *McDonald*, 425 F.2d at 428 (finding that although ERISA preempted plaintiff's common law theories, dismissal was inappropriate where the complaint supported a claim under ERISA); *Crabtree v. Life Care Centers of American, Inc.*, 2009 WL 734726, at *8 (S.D. Ind. Mar. 18, 2009) (denying motion to dismiss despite the fact that plaintiff's state law claims were preempted because plaintiff "alleged sufficient facts to support a cause of action cognizable under ERISA."); *Petri v. Solo Cup Co.*, 2007 WL 30884, at *3 (E.D. Wisc. Jan. 4, 2007) (finding, though the state law claims were preempted, "[t]he facts set forth in [the] complaint are sufficient to state a federal common law claim for estoppel and a claim for benefits under ERISA"); *Davis v. Blue Cross Blue Shield of Illinois*, 2006 WL 2990428, at *2 (C.D. Ill. Oct. 19, 2006) (holding that, although plaintiff's state law claim was preempted by federal law, "the allegations of the complaint, if true, could entitle [the plaintiff] to relief under ERISA, and the Motion to Dismiss is denied.").

As noted above, because PA Lumbermens' Complaint seeks to recover damages from an interstate carrier's negligent delivery of goods, the claim falls squarely within the authority of the Carmack Amendment. And these facts, accepted as true, clearly "state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. Moreover, Cripe was on notice of the nature of the claim against it; it admitted as much in its Amended Notice of Removal when it argued that federal question jurisdiction was proper under the Carmack Amendment. (DE 9); *see Field Rubber Products*, 2004 WL 1689392, at *3 ("[Defendant's] notice of removal undermines any argument that Plaintiff's complaint failed to put it on notice of the claim against it."). Thus, despite not mentioning it in its Complaint, PA Lumbermens sufficiently stated a claim under the

Carmack Amendment.

Therefore, Cripe's Motion to Dismiss (DE 12) is **DENIED**.

**SO ORDERED**.

Entered: November 6, 2009.

                                             s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT